# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KASSIEM MCKINNEY,<br><br>    Plaintiff,<br><br>v.<br><br>PASSAIC COUNTY, *et al.*,<br><br>    Defendants. | Case No. 21–cv–13826–EP–ESK |
| TERRELL FINLEY,<br><br>    Plaintiff,<br><br>v.<br><br>PASSAIC COUNTY, *et al.*,<br><br>    Defendants. | Case No. 21–cv–13831–EP–ESK |
| SAMMY CROMARTIE,<br><br>    Plaintiff,<br><br>v.<br><br>PASSAIC COUNTY, *et al.*,<br><br>    Defendants. | Case No. 21–cv–13832–EP–ESK |
| TARIQ ROCKLACY,<br><br>    Plaintiff,<br><br>v.<br><br>PASSAIC COUNTY, *et al.*,<br><br>    Defendants. | Case No. 21–cv–13833–EP–ESK |
| ZAMAIRE BARDEN,<br><br>    Plaintiff,<br><br>v.<br><br>PASSAIC COUNTY, *et al.*,<br><br>    Defendants. | Case No. 21–cv–13835–EP–ESK<br><br>**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS** |

**KIEL, U.S.M.J.**

**THESE CONSOLIDATED MATTERS** are before the Court on defendants' motions to dismiss plaintiffs' separate complaints for failure to answer interrogatories, provide documents, and execute authorizations (Motions to Dismiss) (*McKinney*, Case No. 21-13826, ECF No. 83; *Finley*, Case No. 21-13831, ECF No. 66; *Cromartie*, Case No. 21-13832, ECF No. 63; *Rocklacy*, Case No. 21-13833, ECF No. 64; *Barden*, Case No. 21-13835, ECF No. 76). Defendants served their papers in support of the Motions to Dismiss on plaintiffs by first-class and certified mail on October 10, 2023. (*See, e.g., McKinney*, Case No. 21-13826, ECF No. 83 p.6.) Plaintiffs have not filed opposition to the Motions to Dismiss. For the following reasons, I recommend that the Motions to Dismiss be GRANTED and the separate complaints be dismissed with prejudice.

## SUMMARY FOR *PRO SE* PLAINTIFFS

I am recommending to the District Judge assigned to these cases that each complaint be dismissed because you have not responded to defendants' questions and requests for documents. The court rules require you to respond to defendants' questions and requests for documents. If you do not respond, the court rules allow the court to dismiss your case with prejudice. If your case is dismissed with prejudice, that means your claims from the April 4, 2020 incident at the Passaic County jail will be thrown out and you will not be able to proceed on the claims. Under our Local Rule 72.1(c)(2), you can file an objection to my recommendation within 14 days after being served with a copy. This a summary of my recommendation. The complete recommendation is below.

### I. FACTS AND PROCEDURAL HISTORY

These consolidated cases arise from alleged violations of plaintiffs' civil rights by defendants while plaintiffs were incarcerated at the Passaic County

jail. Plaintiffs were previously represented by counsel. Although plaintiffs filed five separate complaints, each plaintiff alleges the same violations of his civil rights stemming from an incident at the jail on April 4, 2020. (ECF No. 1 ¶ 14.)[1] The incident started with "a dispute between an unknown corrections officer and an unknown inmate … at or near [the plaintiffs'] housing unit[s]." (*Id.*) Plaintiffs were directed to "lock-in" their individual cells although the individual cells were locked "so that neither plaintiff[s] nor any other inmate could enter their respective cells to 'lock-in.'" (*Id.* ¶ 15.) Thereafter, corrections officers used oleoresin capsicum spray, rubber bullets, bean bags, water hoses, pepper bullets, and tear gas on plaintiffs. (*Id.* ¶ 17.) Plaintiffs allege that they were also beaten, denied medical treatment, and falsely charged and arrested for rioting, arson, conspiracy, and assaulting a corrections officer. (*Id.* ¶¶ 22–29.)

### A. Consolidation and Scheduling

On January 31, 2022, I entered an order consolidating these matters and setting an initial scheduling conference for February 3, 2022. (ECF No. 19.) The order required the parties to serve initial discovery requests by February 28, 2022 and to complete fact discovery by June 8, 2022. (*Id.* ¶¶ 5,7.)

On May 16, 2022, in preparation for a status conference scheduled for May 18, 2022, the parties filed a joint status letter in which they advised me that defendants had produced documents relating to the incident but that the parties required additional time to complete fact discovery. (ECF No. 24.) On May 18, 2022, I entered an order extending the period for fact discovery through October 31, 2022. (ECF No. 26 ¶ 1.)

---

[1] The facts and procedural history in this section are from duplicate filings in each of the consolidated cases. For ease of reference, citations to a single "ECF No." refers to the docket in the *McKinney* case where duplicate documents were filed in each of the consolidated cases.

On September 7, 2022, in preparation for a status conference scheduled for September 8, 2022, the parties filed a joint status letter, again, seeking an extension of the time for fact discovery. (ECF No. 27.) On September 8, 2022, I entered an order extending the period for fact discovery "for *a final time*" through December 30, 2022. (ECF No. 28 ¶ 2.) In the order, I noted that "no fact discovery shall be issued or engaged in beyond that date, except for *exceptional circumstances* shown." (*Id.*)

On December 16, 2022, the parties filed a joint status letter in preparation for a status conference scheduled for December 19, 2022. (ECF No. 34.) The parties advised me that plaintiffs had not responded to defendants' discovery requests and had not returned executed authorizations for defendants to obtain plaintiffs' prison records. (*Id.*) At the status conference on December 19, 2022, plaintiffs' counsel advised me that they intended to seek leave to withdraw as plaintiffs' counsel. On December 20 and 30, 2022, I entered orders granting plaintiffs' counsel leave to file a motion to withdraw. (ECF Nos. 36, 42.)

### B. Plaintiffs' Counsel Withdraws

On January 13, 2023, plaintiffs' counsel filed motions for leave to withdraw as counsel (Motions to Withdraw). (*McKinney* ECF No. 43; *Finley* ECF No. 40; *Cromartie* ECF No. 37; *Rocklacy* ECF No. 35; *Barden* ECF No. 48.) Plaintiffs' counsel filed nearly identical "certifications" in support of each Motion to Withdraw. Plaintiffs' counsel cited to "an irreconcilable difference" with plaintiffs resulting from counsel's review of discovery material from defendants. (ECF No. 43–1 ¶ 5.) Plaintiffs' counsel also noted that he had spoken with McKinney and Finley, and they expressed a desire to continue with the litigation. (*Id.* ¶ 8; *Finley* ECF No. 40–1 ¶ 8.) As to Cromartie, plaintiffs' counsel advised that Cromartie had been released from jail but Cromartie failed to inform counsel of his release, and attempts to communicate

4

with him at his last known address were unsuccessful. (*Cromartie* ECF No. 37–1 ¶ 8.) As to Rocklacy, plaintiffs' counsel's attempt to speak with Rocklacy was unsuccessful because his "unit was under quarantine until January 16, 2023." (*Rocklacy* ECF No. 35–1 ¶ 8.) Finally, as to Barden, plaintiffs' counsel attempted to visit him but was told "by NJ State Prison that no one from [counsel's] firm [wa]s on the visitor list and therefore could not visit him." (*Barden* ECF No. 48–1 ¶ 6.)

I held a hearing on the Motions to Withdraw on February 9, 2023. (Minute entry after ECF No. 48.) At the hearing, defendants' counsel raised, for the first time, concerns relating to the individual plaintiffs' potential review of documents produced in discovery. (ECF No. 61 pp. 4–15.) I adjourned the hearing to provide the parties an opportunity to address defendants' counsel's concerns. (*Id.* p. 15; ECF No. 48.) I also directed plaintiffs' counsel to "make good faith efforts to contact plaintiffs to advise them of the date, time, and location of the continued hearing." (ECF No. 48 ¶ 3; *see* ECF Nos. 55, 60, 64, 69.)[2] I also directed defendants' counsel to coordinate "with the correctional facilities where plaintiffs are housed to provide access to a telephone for plaintiffs to participate in the continued hearing." (*Id.*)

A hearing on the Motions to Withdraw was ultimately held on August 17, 2023. (Minute entry after ECF No. 74.) Barden appeared by telephone for the hearing. (ECF No. 80 pp. 1, 4.) At the hearing, plaintiffs' counsel confirmed that he had not received any communication from plaintiffs after having served the papers in support of the Motions to Withdraw on plaintiffs. (*Id.* pp. 6, 7.) Additionally, I conducted an *ex parte* discussion with plaintiffs'

---

[2] I adjourned the hearing on the Motions to Withdraw several times and, at one point, administratively terminated the Motions to Withdraw (ECF No. 65). The Motions to Withdraw were reinstated and I assisted the parties in obtaining the cooperation of the facilities where Rocklacy and Barden were housed so they could participate in the hearing telephonically. (ECF Nos. 70, 71, 73.)

counsel and Barden. (ECF No. 79.) During the conversation, Barden confirmed that he was aware that he would be proceeding *pro se* if the Motions to Withdraw were granted. (*Id.* p. 7.)[3] In response to defendants' counsel's concerns about plaintiffs' failure to respond to discovery requests, I advised defendants' counsel that she would be able to "make an application for relief." (ECF No. 80 p. 11.)

By orders entered on August 23, 2023, I granted the Motions to Withdraw, scheduled a telephone conference for October 4, 2023, and directed plaintiffs to appear for the conference. (*McKinney* ECF No. 75; *Finley* ECF No. 58; *Cromartie* ECF No. 55; *Rocklacy* ECF No. 56; *Barden* ECF No. 68.) I also directed plaintiffs'-now-former-counsel to serve the order on plaintiffs. (*Id.*)

### C.     **Plaintiffs Proceeding *Pro Se***

On September 29, 2023, defendants filed a letter advising me that they had served each plaintiff on August 29, 2023 with the same discovery requests that they had previously served on plaintiffs' former counsel. (ECF No. 81 p. 1.)[4] Defendants served a copy of the September 29, 2023 letter on each plaintiff. Cromartie received the discovery requests and called defendants' counsel on September 1, 2023 "asking for clarification as to what steps he needed to take." (*Id.* p. 2.) No other plaintiff contacted defendants' counsel. (*Id.*)

Plaintiffs did not appear for the conference on October 4, 2023. (ECF No. 82.) Accordingly, I granted defendants leave to file motions to dismiss and scheduled a telephone conference for November 16, 2023. (*Id.*) Defendants filed the present Motions to Dismiss on October 10, 2023.

---

[3] The transcript of the *ex parte* communication is filed under seal.

[4] Defendants had served plaintiffs' prior counsel with the discovery requests on May 18, 2022. (*Id.* pp. 1–2.)

(*McKinney* ECF No. 83; *Finley* ECF No. 66; *Cromartie* ECF No. 63; *Rocklacy* ECF No. 64; *Barden* ECF No. 76.) Defendants did not file a brief in support of the Motions. Instead, the Motions are supported by the "certification"[5] of defendants' counsel, which recites the procedural history of these matters and attaches 101 pages of exhibits consisting of the discovery requests served on plaintiffs. (*McKinney* ECF No. 83–1; *Finley* ECF No. 66–1; *Cromartie* ECF No. 63–1; *Rocklacy* ECF No. 64–1; *Barden* ECF No. 76–1.)

The telephone conference was rescheduled to December 21, 2023. (ECF Nos. 85, 86.) Plaintiffs did not appear for the conference, did not file opposition to the Motions to Dismiss, and have not responded to defendants' discovery requests (ECF No. 83 ¶ 12).

## II.    DISCUSSION

Although defendants did not file a brief providing an analysis as to why their Motions to Dismiss should be granted, I am familiar with the procedural history and relevant Federal Rules of Civil Procedure and will undertake the analysis without defendants' assistance.

### A.    Standard

Federal Rule of Civil Procedure (Rule) 16 and Rule 37 authorize the imposition of sanctions for failure to comply with a court order and for failure to respond to discovery requests. *Walsh v. Ernie's Auto Detailing Inc.*, No. 20–17785, 2022 WL 18027856, at *3 (D.N.J. Nov. 30, 2022), *report and recommendation adopted*, 2022 WL 18027847 (D.N.J. Dec. 30, 2022). Rule 16(f) provides that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney … (c) fails to

---

[5] Defendants' counsel's "certification" has an incorrect *jurat*. *See* 28 U.S.C. §1746. Although certifications, such as that submitted by defendants' counsel are not to be considered, for judicial economy I have considered the certification and will direct defendants' counsel to refile a declaration with the correct *jurat*.

obey a scheduling order or other pretrial order." Under Rule 37, a court may order sanctions against a party if "after being properly served with interrogatories ... or a request for inspection ... , fails to serve its answers, objections, or written response." Fed.R.Civ.P. 37(d)(1)(A)(ii). The sanctions include "striking pleadings in whole or in part." Fed.R.Civ.P. 37(b)(2)(A)(iii).

In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984), the Third Circuit identified six factors that are to be considered in determining whether a sanction, such as striking a pleading, is appropriate: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id.* No single *Poulis* factor is determinative. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

### B. Analysis

#### 1. Plaintiffs' Personal Responsibility

The first factor weighs in favor of granting the Motions to Dismiss. Plaintiffs are proceeding *pro se* after their former counsel was relieved as counsel. At my direction, plaintiffs' former counsel served copies of all papers in support of the Motions to Withdraw on plaintiffs. Plaintiffs did not oppose the Motions to Withdraw. Plaintiffs were also served with defendants' discovery requests following their former counsel's withdrawal. Only Cromartie responded by calling defendants' counsel's office and was advised that he should respond to the discovery requests. (ECF No. 81 p.2.)

As plaintiffs have not responded to defendants' discovery requests after multiple notices to them advising them of their obligations and the Court's order, I conclude that plaintiffs are knowingly not responding.

### 2. Prejudice to Defendants

The second factor weighs in favor of granting the Motions to Dismiss. "[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 219 (3d Cir. 2003). Prejudice also includes "deprivation of information through non-cooperation with discovery, and costs expended obtaining court orders to force compliance with discovery." *Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994). As a result of plaintiffs' failure to provide *any* response to defendants' discovery requests, defendants' ability to defend against plaintiffs' claims has been severely impeded.

### 3. History of Dilatoriness

The third factor weighs in favor of granting the Motion to Dismiss. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Id.*; *Chiarulli v. Taylor*, No. 08-04400, 2010 WL 1371944, at *3 (D.N.J. Mar. 31, 2010), *report and recommendation adopted*, 2010 WL 1566316 (D.N.J. Apr. 16, 2010). Discovery has been ongoing for a substantial time and plaintiffs have refused to respond to defendants' discovery requests.

### 4. Willful or in Bad Faith Conduct

Plaintiffs' disregard of defendants' discovery requests appears to be informed and intentional. Given the procedural history of this matter, prior counsel's attempts to communicate with plaintiffs, and the lack of any response from plaintiffs, I conclude that plaintiffs' disregard is willful and knowing. Thus, the fourth factor weighs in favor of granting the Motions to Dismiss. *See Roman v. City of Reading*, 121 F.App'x 955, 960 (3d Cir. 2005) ("In the face of court-imposed deadlines, repeated failure to observe court-imposed

deadlines and total failure to pursue a claim beyond the pleadings may constitute willful conduct.").

### 5. Effectiveness of Alternative Sanctions

The fifth factor weighs in favor of granting the Motions to Dismiss. Alternative sanctions would do little to resolve the standstill in discovery. Plaintiffs have not opposed the Motions to Dismiss or suggested an alternative sanction. At this point, no sanction other than dismissing the complaints with prejudice, will be effective to move these matters to resolution.

### 6. Meritoriousness of the Claim

This factor is neutral because the litigation has not proceeded beyond propounding written discovery. Without the benefit of any discovery, I find that there is an insufficient basis to evaluate the meritoriousness of the claims. However, "[e]ach factor need not be satisfied" for the Court to strike the answer and counterclaim. *Ware*, 322 F.3d at 221.

Here, the balance of the remaining factors weighs in favor of granting the Motions to Dismiss.

### REPORT AND RECOMMENDATION

I issue this report and recommendation upon my review of the papers and without oral argument. *See* Fed.R.Civ.P. 78(b); *see also* L.Civ.R. 78.1(b). For the reasons stated above, it is:

1. **RECOMMENDED** that the Motions to Dismiss (*McKinney* ECF No. 83; *Finley* ECF No. 66; *Cromartie* ECF No. 63; *Rocklacy* ECF No. 64; *Barden* ECF No. 76) be **GRANTED**.

2. **RECOMMENDED** that plaintiffs' complaints be dismissed with prejudice and these matters be **CLOSED**.

3. **ORDERED** that the Clerk of the Court administratively terminate the Motions to Dismiss (*McKinney* ECF No. 83; *Finley* ECF No. 66; *Cromartie*

ECF No. 63; *Rocklacy* ECF No. 64; *Barden* ECF No. 76) pending review of the report and recommendation.

4. **ORDERED** that the Clerk of the Court activate this report and recommendation on each docket of these consolidated cases to indicate that it requires further action by the District Judge.

5. **ORDERED** that the parties have **14 days** to file any objections to this report and recommendation pursuant to Local Civil Rule 72.1(c)(2).

6. **ORDERED** that defendants counsel shall refile her "certification" (*McKinney* ECF No. 83–1; *Finley* ECF No. 66–1; *Cromartie* ECF No. 63–1; *Rocklacy* ECF No. 64–1; *Barden* ECF No. 76–1) with the correct *jurat* pursuant to 28 U.S.C. §1746 in each of these consolidated matters by **March 11, 2024**.

          */s/ Edward S. Kiel*
          **EDWARD S. KIEL**
          **UNITED STATES MAGISTRATE JUDGE**

Date: March 4, 2024